IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS F. ALSTON III, #327171
    Plaintiff,

v.      CIVIL ACTION NO. RDB-10-2273

JOHN DOE (MAIL ROOM)
BOBBY P. SHEARIN
K. HILL-PEAY
J. MICHAEL STOUFFER
    Defendants.

\*\*\*

## MEMORANDUM OPINION

On August 19, 2010, the Court received for filing this 42 U.S.C. § 1983 prisoner civil rights action[1] where Plaintiff, an inmate at the North Branch Correctional Institution ("NBCI") seeks $50,000.00 in damages and release of a withheld book that he ordered from a commercial bookseller. He seemingly claims that he received 14 of the 15 shipped by the bookseller and the remaining book, "Knockout Fitness," was withheld by the prison mailroom on grounds that "it gives instructions on boxing and fighting techniques that poses a direct or immediate danger of violence" and is considered a non-allowable item. Paper No. 1. Plaintiff appears to claim that the book is to be used for fitness training for cardiovascular and muscle development. He raises a due process challenge to the retention of the book.

Because he appears indigent, Plaintiff's Motion to Proceed *In Forma Pauperis* shall be granted. The Complaint, however, shall be dismissed for the failure to state a constitutional claim upon which relief may be granted.

---

    [1] Section 1983 authorizes a plaintiff to bring a civil suit against anyone "acting under color of state law" who has deprived him of a right, privilege or immunity secured by the Constitution, laws or treaties of the United States.

A prison system may place limitations on the right of an inmate to receive and possess property. Due process requires some pre-deprivation review where the loss of property is caused by conduct pursuant to established state policy or procedure, rather than a random or unauthorized action. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982).

According to the Complaint and attachments, on January 14, 2010, a decision was made to withhold the book "Knockout Fitness" from Plaintiff because it was considered contraband. The reasons for withholding the material were that the book contained information on "fighting techniques" and could not be allowed into the institution. Plaintiff was informed that he had the option of returning the mail to the bookseller, disposing of it, or appealing the decision to withhold to the Warden and then to the Commissioner of Correction. Plaintiff declined to send the withheld book back and appealed the matter to the Warden by both a direct appeal process offered when mail is withheld and through the administrative remedy procedure ("ARP) process. Warden Shearin denied the appeal, finding that the book was "inappropriate for [a] maximum security correctional facility due to the contents for boxing workout. NBCI has no boxing program and does not endorse boxing workout material." Shearin also dismissed the ARP for similar reasons.

Plaintiff has presented a Fourteenth Amendment claim for Court review. The undersigned finds that the pre-deprivation process offered to and taken advantage of by Plaintiff satisfies due process.[2] *See Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31, (4th Cir. 1985) (court can dismiss case for failure to state a claim upon which relief may be granted upon reliance of

---

[2] The Court offers no opinion on the merits of a decision to withhold a boxing workout book from an inmate at a maximum security facility. *See Turner v. Safley*, 482 U.S. 78 (1987) (regulations affecting sending of mail to prisoners are centrally concerned with maintenance of prison order and security and are measured under reasonableness test).

2

complaint allegations and attached documents). Because Plaintiff's § 1983 complaint fails to state a claim upon which relief may be granted, the dismissal is pursuant to 28 U.S.C. § 1915(e).[3] Plaintiff is hereby placed on notice that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious under §1915(e) or under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.[4] A separate Order shall be entered in compliance with the opinion set out above.

Date: August 24, 2010

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

(A) the allegation of poverty is untrue; or
(B) the action or appeal-
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[4] 28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an actio or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision, once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.